UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GINNIFER L. MURRAY,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. CV-10-76-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on April 1, 2011 (Ct. Rec. 13, 16). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Benjamin J. Groebner represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 7). On March 23, 2011, plaintiff filed a reply (Ct. Rec. 18). After reviewing the administrative record and the briefs filed by the parties, the court **grants** Defendant's Motion for Summary Judgment (Ct. Rec. 16) and **denies** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13).

**JURISDICTION**

Plaintiff protectively filed an application for supplemental security income (SSI) benefits on November 14, 2005, alleging disability as of January 1, 2002, due to asthma, migraines, and

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                              - 1 -

1  depression (Tr. 44, 79, 131). The application was denied initially
2  and on reconsideration (Tr. 94-97, 99-101).
3      At a hearing before Administrative Law Judge (ALJ) Paul
4  Gaughen on January 17, 2008, plaintiff, represented by counsel,
5  plaintiff's friend, and a vocational expert testified (Tr. 55-88).
6  On June 27, 2008, the ALJ issued an unfavorable decision (Tr. 42-
7  54). The Appeals Council (AC) granted review (Tr. 200-204). On
8  February 25, 2010, the AC issued a corrective decision finding
9  plaintiff has the RFC to perform unskilled light work and is not
10 disabled (Tr. 4-6). Therefore, the AC's decision became the final
11 decision of the Commissioner, which is appealable to the district
12 court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action
13 for judicial review pursuant to 42 U.S.C. § 405(g) on March 24,
14 2010 (Ct. Rec. 2, 4).

**STATEMENT OF FACTS**

16     The facts have been presented in the administrative hearing
17 transcript, the ALJ's decision, the briefs of the parties, and are
18 briefly summarized here.
19     Plaintiff was 37 years old at the hearing and 39 when the ALJ
20 filed his decision (Tr. 6, 60-61). She completed the eleventh
21 grade (Tr. 61, 130). Ms. Murray has worked as a caretaker, kennel
22 attendant, restaurant worker, clothes sorter, assembler, and
23 cashier (Tr. 54, 62-69, 142).
24     Plaintiff testified she is unable to work due to breathing
25 problems, depression, and anxiety. She spends most of the day in
26 bed watching television. She has headaches several times a week
27 and suffers memory problems.
28 ///

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 2 -

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

    The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If

evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one the ALJ found plaintiff did not engage in substantial gainful activity after she applied for benefits on November 14, 2005 (Tr. 44). At steps two and three, he found she suffers from asthma, an impairment that is severe but does not meet or medically equal a Listed impairment (Tr. 44, 48). The ALJ found plaintiff less than completely credible (Tr. 50-52). He assessed an RFC for a range of light work (Tr. 48). At step four, relying on the VE, he found plaintiff is able to perform her past relevant work as a clothes sorter and cashier (Tr. 53). Because he found she is able to perform past work, the ALJ found plaintiff has not been disabled as defined by the Social Security Act at any time from her application date through the date of the decision, June 27, 2008 (Tr. 54).

## APPEALS COUNCIL'S FINDINGS

The Appeals Council accepted review and adopted most of the

ALJ's findings, including his assessment of the medical evidence, plaintiff's credibility, and assessed RFC. However, the AC found there is no evidence plaintiff's work as a clothes sorter or cashier was performed at the substantial gainful activity level, and the evidence is not sufficient to show that her work as a hostess constituted past relevant work (Tr. 5). The AC concluded plaintiff had no past relevant work. Consequently, the AC disagreed with the ALJ's step four analysis and went on to perform step five of the sequential evaluation. At step five, the AC used the framework of the Grids (Medical Vocational Rule 202.18) and found plaintiff is not disabled (Tr. 5-6).

**ISSUES**

Plaintiff contends the ALJ erred when he weighed the medical evidence and assessed credibility (Ct. Rec. 14 at 9-16). The Commissioner asserts the ALJ's and the AC's decisions are supported by substantial evidence and free of legal error, and asks the Court to affirm the AC's decision (Ct. Rec. 17 at 4-18).

**DISCUSSION**

**A. Psychological limitations**

Plaintiff asserts the ALJ failed to properly credit the January 2008 opinion of examining psychologist Dennis Pollack, Ph.D. (Ct. Rec. 14 at 9, 13-16). In the Commissioner's view, the ALJ gave specific, legitimate reasons supported by substantial evidence for rejecting Dr. Pollack's opinion (Ct. Rec. 17 at 5-8).

The ALJ considered the opinions of several professionals.

Before onset, in June 2004[1], plaintiff's primary care provider, Letitia McCully, PAC, diagnosed depression. At the time Ms. Murray was homeless (Tr. 45, 234-236).

On April 7, 2006, examiner Joyce Everhart, Ph.D., noted plaintiff was not currently receiving mental health counseling and had never received such treatment. Plaintiff admitted she smokes marijuana about twice a week and "got drunk" two weeks ago. Dr. Everhart administered tests and diagnosed alcohol dependence in early partial remission; current cannabis dependence despite asthma problems; polysubstance abuse, methamphetamines (in reported remission since 1998); depressive disorder NOS, mild; not taking psychotropic medication, and personality disorder NOS. She assessed a GAF of 65 indicating mild symptoms of functioning difficulties (Tr. 237-243).

On January 14, 2008, more than two years after onset, Dr. Pollack examined plaintiff. He diagnosed anxiety disorder NOS and personality disorder with dependent and obsessive-compulsive traits. His assessed GAF of 60 indicates moderate symptoms or functional difficulties. Ms. Murray denied abusing drugs or alcohol. Dr. Pollack opined plaintiff is moderately limited in two areas, the ability to maintain attention and concentration for extended periods, and to perform activities within a schedule. He opined she is markedly limited in the ability to complete a normal workday and workweek (Tr. 276-285).

To aid in weighing the conflicting medical evidence, the ALJ

---

[1] The date of onset is the date plaintiff protectively applied for SSI benefits, November 14, 2005 (Tr. 42, 54).

evaluated plaintiff's credibility and found her less than fully credible. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

Plaintiff contends the ALJ erred when he found her less than credible (Ct. Rec. 14 at 10-13).

The Commissioner asserts the ALJ gave clear and convincing reasons for his credibility assessment, namely, plaintiff's inconsistent statements, lack of mental health treatment, and unexplained noncompliance with medical treatment (Ct. Rec. 17 at 13-18).

The Commissioner is correct.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v.*

*Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

*Inconsistent statements*. The ALJ observes plaintiff has inconsistently reported her walking ability (Tr. 50). In December 2005, she could walk 30 feet (Tr. 155); in 2008, she could walk 100 feet without stopping (Tr. 276). There is no medical explanation for the inconsistency. A claimant's inconsistent statements support a decision by the ALJ that a claimant lacks credibility. *Thomas v. Barnhart, cite; Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986).

Plaintiff's lack of consistent treatment is a reason to discredit claimed disabling mental health limitations, as the Commissioner accurately observes. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Similarly, unexplained, or inadequately explained, failure to follow a prescribed course of treatment can cast doubt on a claimant's sincerity. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ relied on plaintiff's failure to undergo any mental health treatment other than an assessment for anxiety symptoms in 2007, and on her failure to take medication as prescribed, and to quit smoking, despite diagnosed asthma (Tr. 50-51). Both are clear, convincing and supported by the record.

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Thomas v. Barnhart*, 278 F.3f 947, 959 (9th Cir. 2002).

The ALJ rejected Dr. Pollack's opinion because it is internally inconsistent (Tr. 46). Although Dr. Pollack assessed a GAF of 60, indicative of moderate symptoms or limitations, he found she has a *marked* limitation in the ability to complete a

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                         - 10 -

normal workday, and moderate limitations in the ability to maintain concentration and attention for extended periods (Tr. 283). Yet, as the ALJ observes, Dr. Pollack's test results failed to indicate problems with concentration or attention (Tr. 46). The ALJ gave greater weight to Dr. Everhart's opinion. Both are specific, legitimate reasons for the ALJ to discredit Dr. Pollack's contradicted opinion.

It is the role of the trier of fact to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ acted in accordance with his responsibility to determine the credibility of the medical evidence, and he gave specific, legitimate reasons for discrediting Dr. Pollack's opinion. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989).

The ALJ properly weighed the evidence of psychological limitations and plaintiff's credibility.

**B. Step Five**

Plaintiff asserts the ALJ failed to include all of her impairments in his RFC. Plaintiff recasts her argument that the ALJ improperly weighed the evidence. Step five error is not established simply by restating arguments that the ALJ improperly weighed the evidence. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-1176 (9th Cir. 2008).

Similarly, the AC properly applied the Grids because the ALJ found, and the AC agreed, plaintiff does not suffer from a severe mental impairment. Relying on the Grids would be improper if plaintiff suffers severe mental impairments, but that is not this case.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11 -

1  After review the Court finds no harmful error in the ALJ's
2  decision.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 2nd day of May, 2011.

                                s/ James P. Hutton
                                  JAMES P. HUTTON
                        UNITED STATES MAGISTRATE JUDGE